## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PETER TODOROVICH,

    Plaintiff,

-vs-                                  CASE NO.:

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, PETER TODOROVICH (hereinafter "Plaintiff"), sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Hillsborough County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Upon information and belief, Experian is a corporation with its Principal Address in the State of California, authorized to do business in the State of Florida, through its registered agent, CT Corporation System located at 1200 South Pine Island Rd., Plantation, FL 33324.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11. Under information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In September of 2021, Plaintiff became aware of a Midnight Velvet partial account number 760686xxxxxx being reported on his Experian credit report.

13. Plaintiff does not have a Midnight Velvet Credit Card, nor has Plaintiff ever applied (or given permission for some to apply) for an account with Midnight Velvet.

14. On or about January of 2022, Plaintiff called Midnight Velvet to inform them that the account they were reporting to the CRAs was not his. During this phone conversation, Plaintiff learned the Furnisher did not have the correct phone number or address associated with Plaintiff. Plaintiff notified Midnight Velvet that it was a fraudulent account.

15. In response to Plaintiff's call, on January 11, 2022, Midnight Velvet mailed a letter to Plaintiff alleging that Plaintiff was responsible for the account.

16. On January 30, 2022, Plaintiff visited the Federal Trade Commission website and attempted to file an FTC complaint about the fraud.

17. Shortly thereafter, Plaintiff again called Midnight Velvet in February of 2022 to Continue to dispute the fraudulent account.

18. Again, in response to Plaintiff's phone call dispute, Midnight Velvet mailed a letter dated February 25, 2022, acknowledging Plaintiff's dispute.

19. On or about March of 2022, Plaintiff called with Midnight Velvet to dispute the Midnight Velvet partial account number 760686xxxxxx.

20. On or about June 9th, 2022, Plaintiff obtained his Experian credit report, and the Midnight Velvet partial account number 760686xxxxxx account continued to report negatively.

21. As a result of the inaccuracies on his credit report, on June 13, 2022, Plaintiff mailed a detailed written dispute letter to Experian concerning the inaccurate reporting. Plaintiff made Experian aware that they were reporting the Midnight Velvet partial account number 760686xxxxxx, which he had actively disputed with the Furnisher. Plaintiff included an image of his driver's license to confirm his identity.

22. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 70220410000316102263.

23. On or about June 22nd, 2023, Plaintiff received Experian's dispute results back that the Midnight Velvet account had not been deleted, but rather remained as a negative account showing that it belonged to Plaintiff.

24. Experian failed to conduct any independent investigation and simply parroted back Midnight Velvet's erroneous verification. Experian did not attempt to contact Plaintiff during its investigation.

25. On June 1y, 2022, Plaintiff applied for a home equity loan through Lendage LLC (via KCB Credit LLC). Plaintiff was initially denied the loan because of the inaccurate reporting on his credit report concerning Midnight Velvet.

Plaintiff subsequently received a 15.45% interest rate for the $31,960 financed. Experian published to KCB Credit the inaccurate information.

26. In response to the Experian Dispute Results, August 24, 2022, Plaintiff mailed another detailed written dispute letter to Experian concerning the inaccurate reporting. Plaintiff made Experian aware that they were reporting the Midnight Velvet partial account number 760686xxxxxx, which he had actively disputed with the Furnisher. Plaintiff included an image of his driver's license to confirm his identity. He included images from his Experian report where the Midnight Velvet account was reporting as "charged off". This was the ONLY derogatory account in Plaintiff's Experian credit report.

27. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail 70221670000149250633.

28. On August 30, 2022, Experian responded to Plaintiff's dispute by finally deleting the fraudulent Midnight Velvet Account appearing on his credit report.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix his credit;

    ii. Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff has been physically affected by Defendant's actions.

iv. Reduction in credit score;

v. Apprehensiveness to apply for credit due to the fear of rejection

vi. Plaintiff received higher interest rates on two loans during the relevant time because of Defendants inaccurate reporting.

## COUNT I
## Violations of the Fair Credit Reporting Act as to Experian

30. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

31. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. Experian allowed for Midnight Velvet to report inaccurate information on an account. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

32. As a result of this conduct, action and inaction of Experian, Plaintiffs suffered damage by loss of ability to benefit from lower interest rates; and mental

7

and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

33. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

34. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Experian, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 1681i- As to Experian

35. Plaintiffs re-alleges and reincorporate paragraphs one through twenty-nine above.

36. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's

8

credit file, and by relying upon verification from a source it has to know is unreliable.

37.  Experian's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Experian was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

38.  Experian took no independent action to investigate the dispute. Experian received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Midnight Velvet.

39.  The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Experian, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez, Esquire
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*